IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

June 9, 2011

RE: DEREYK MORRIS V. JOSEPH T. MAZURKIEWCZ, ETAL
CA No. 10-7174

## NOTICE

Enclosed herewith please find a copy of the Report and Recommendation filed by United States Magistrate Judge Rueter, on this date in the above captioned matter. You are hereby notified that within fourteen (14) days from the date of service of this Notice of the filing of the Report and Recommendation of the United States Magistrate Judge, any party may file (in duplicate) with the clerk and serve upon all other parties written objections thereto (See Local Civil Rule 72.1 IV (b)). **Failure of a party to file timely objections to the Report & Recommendation shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court Judge.**

In accordance with 28 U.S.C. §636(b)(1)(B), the judge to whom the case is assigned will make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The judge may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge, receive further evidence or recommit the matter to the magistrate judge with instructions.

Where the magistrate judge has been appointed as special master under F.R.Civ.P 53, the procedure under that rule shall be followed.

MICHAEL E. KUNZ
Clerk of Court

By_____
LINDA V. JERRY, Deputy Clerk

cc: MORRIS
    PALMER

Courtroom Deputy to Judge ROBRENO

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEREYK MORRIS | : | CIVIL ACTION |
| v. | : | |
| JOSEPH T. MAZURKIEWCZ, et al. | : | NO. 10-7174 |

## REPORT AND RECOMMENDATION

THOMAS J. RUETER                                                                  June 8, 2011
Chief United States Magistrate Judge

      Presently before the court is a pro se petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, along with a brief in support thereof ("Br. Supp. Pet.") (Doc. No. 1). Petitioner is incarcerated at the State Correctional Institution in Greensburg, Pennsylvania. Respondents filed a response to the petition on May 25, 2011 ("Resp.") (Doc. No. 12), urging that the petition be dismissed as barred by the one-year statute of limitations applicable to habeas petitions. For the reasons stated below, this court recommends that the petition be dismissed as barred by the one-year statute of limitations.

### I.    BACKGROUND

      On February 26, 1997, petitioner entered negotiated guilty pleas in the Court of Common Pleas of Philadelphia County, to third-degree murder, robbery, criminal conspiracy, and possessing an instrument of crime. (Phila. C.P. No. 51-CR-1103311-1995.) A guilty plea hearing was held that same date. See Plea Transcript dated February 26, 1997 ("Plea Tr.") (Resp. Ex. B). Pursuant to the negotiated plea, the court sentenced petitioner to an aggregate term of imprisonment of twenty-five to fifty years to run concurrent to a seventeen year federal sentence

for carjacking petitioner was serving at that time. (Plea Tr. at 9-13, 27.) Petitioner did not appeal from the convictions or sentence because petitioner "assumed that I was guilty based on counsel's advice. Plus, counsel never consulted me on appeal." See Pet. at 9 and 11, ¶ 12. See also Pet. at 5, ¶ 8. On June 8, 2009, petitioner filed a Request for Sentence Modification that was denied on June 12, 2009. (Phila. C.P. No. 51-CR-1103311-1995.)

On December 28, 2009, petitioner filed a pro se petition for collateral relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541, et seq. In the PCRA petition, petitioner challenged his guilty plea, arguing specifically that he did not want to plead guilty to the robbery charge, but counsel advised him that by pleading guilty he would receive a lesser sentence. Appointed counsel filed a no merit letter pursuant to Commonwealth. v. Finley, 550 A.2d 213 (Pa. Super. Ct. 1988), and requested permission to withdraw from representation. (Resp. Ex. E.) On October 12, 2010, the PCRA court dismissed the petition as untimely and granted counsel permission to withdraw. Commonwealth v. Morris, No. CP-51-1103311-1995, slip op. (C.P. Phila. Oct. 12, 2010) (Resp. Ex. F). Petitioner did not appeal the dismissal of his PCRA petition because, as he explained in his habeas petition, he believed that "further appeal would have been futile given the state appellate court's consistent ruling regarding the untimeliness of [the] PCRA petition." (Pet. at 11, ¶ 12(d).)

Next, petitioner filed the instant pro se petition for a writ of habeas corpus dated December 7, 2010 and docketed on December 9, 2010. Petitioner raises two claims in the habeas petition: (1) plea counsel was ineffective for advising petitioner to plead guilty to "conspiracy to commit third-degree murder," of which petitioner claims he is innocent, and then failing to consult with petitioner regarding his desire to appeal said conviction (Pet. at 8, ¶ 12; Br. Supp.

2

Pet. at 6-10); and (2) plea counsel was ineffective for advising petitioner to plead guilty to "conspiracy to commit robbery and third-degree murder," of which petitioner claims he is innocent, and then failing to consult with petitioner regarding his desire to appeal said conviction (Pet. at 10, ¶ 12; Br. Supp. Pet. at 10-16).[1] Respondents ask that the petition be dismissed as untimely.

## II. **DISCUSSION**

A habeas petition must be filed in a timely manner. Title 28 U.S.C. § 2244(d), enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), creates a one-year time limit for filing a habeas corpus petition and in relevant part provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] The court notes that petitioner plead guilty to third-degree murder, robbery, criminal conspiracy, and possessing an instrument of crime. (Plea Tr. at 25-26.) Petitioner did not plead guilty to conspiracy to commit third-degree murder or conspiracy to commit robbery as he asserts in his habeas petition. (Pet. at 8 and 10, ¶ 12.)

>     (2)    The time during which a properly filed application for State post-
>            conviction or other collateral review with respect to the pertinent judgment
>            or claim is pending shall not be counted toward any period of limitation
>            under this subsection.

28 U.S.C. § 2244(d). See generally Fahy v. Horn, 240 F.3d 239 (3d Cir.), cert. denied, 534 U.S. 944 (2001).

Petitioner entered into the negotiated plea agreement on February 26, 1997 and was sentenced that same date. (Plea Tr. at 26-27.) For the purposes of Section 2244(d)(1)(A),[2] petitioner's conviction became final on March 28, 1997, when the time for filing a direct appeal expired. See Pa. R. App. P. 903(a). See generally Kapral v. United States, 166 F.3d 565, 570-71 (3d Cir. 1999) (judgment of sentence becomes final at completion of direct review or expiration of time for seeking such review). Thus, petitioner had one year from that date, until March 28, 1998, to file a timely habeas petition.

The instant petition docketed on December, 9, 2010, was filed more than twelve (12) years after the AEDPA statute of limitations expired.[3] The instant petition must be dismissed unless the deadline was subject to statutory or equitable tolling.

---

[2] None of the other potential "start dates" contained in § 2244(d)(1)(A) apply to the instant habeas case.

[3] Petitioner's failure to comply with the AEDPA statute of limitations is not excused by the prisoner "mailbox rule," which applies to all petitions filed by pro se inmates. Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) ("pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court"). The petition was dated December 7, 2010. Using this date for the purposes of § 2244(d)(1)(A), the petition remains untimely by more than twelve years.

A.  **Statutory Tolling**

The one-year statute of limitations is tolled during the time petitioner had pending in the state courts a properly filed PCRA petition. See 28 U.S.C. § 2244(d)(2) (providing that the time during which a "properly filed" petition for collateral relief is pending is not counted toward the one-year statute of limitations). Petitioner's PCRA petition filed on December 28, 2009, does not toll the AEDPA statute of limitations because it was dismissed as untimely. An untimely PCRA petition is not "properly filed" within the meaning of the AEDPA statute of limitations, and thus, will not toll the AEDPA statute of limitations. Pace v. DiGuglielmo, 544 U.S. 408, 412-17 (2005). The law is clear that "[f]ederal courts must defer to the State courts when they specifically rule that a petition is untimely as a matter of State law." Melvin v. Commonwealth, 2011 WL 39050, at *1 n.2 (E.D. Pa. Jan. 4, 2011) (citing Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001)).

Moreover, the PCRA petition was filed after the expiration of the AEDPA statute of limitations on March 28, 1998, and does not toll an already expired statute of limitations. See Fried v. Horn, 2003 WL 23142179, at *3 (E.D. Pa. Aug. 11, 2003) ("The section 2244 tolling provisions can only 'pause a clock that has not yet fully run,' they cannot 'restart the clock at zero.'") (quoting Blasi v. Attorney Gen. of Commonwealth of PA, 30 F. Supp. 2d 481, 485 (M.D. Pa. 1998)), R&R approved & adopted by Order, No. 02-CV-8314 (E.D. Pa. Nov. 25, 2003). See also Johnson v. Hendricks, 314 F.3d 159, 161-62 (3d Cir. 2002) ("§ 2254(d)(2)'s tolling provision excludes time during which a properly filed state post-conviction [petition] is pending but does not reset the date from which the one-year limitations period begins to run"), cert. denied, 538 U.S. 1022 (2003); Perry v. DiGuglielmo, 2008 WL 564981, at *7 (W.D. Pa.

Feb. 29, 2008) ("[A] state petition . . . that is filed following the expiration of the federal [AEDPA] limitations period cannot toll that period because there is no period remaining to be tolled.") (quoting Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001)).

The instant petition was filed on December 9, 2010, more than twelve years after the AEDPA statute of limitations expired. Petitioner's habeas petition is untimely and should be dismissed, unless the principles of equitable tolling apply.

### B. Equitable Tolling

Petitioner has not shown that the statute of limitations should be equitably tolled. The Supreme Court of the United States has held that the federal habeas statute of limitations is subject to equitable tolling. Holland v. Florida, 130 S. Ct. 2554, 2562 (2010). Equitable tolling is allowed only if petitioner shows: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). The Supreme Court reaffirmed that "the circumstances of a case must be 'extraordinary' before equitable tolling can be applied." Id. at 2564.

Petitioner has not shown that the statute of limitations should be equitably tolled. Petitioner failed to show that he exercised reasonable diligence in pursuing his federal habeas claims. See Alicia v. Karestes, 389 Fed. Appx. 118, 122 (3d Cir. 2010) ("The obligation to act diligently pertains to both the federal habeas claim and the period in which the petitioner exhausts state court remedies, and the court may consider the time of filing the habeas petition as a factor in determining reasonable diligence.") (citation omitted) (not precedential). Petitioner offers no explanation for the extremely late filing of the instant habeas petition, which was filed

more than twelve years after expiration of the AEDPA statute of limitations. Nor has petitioner shown that extraordinary circumstances prevented him from filing a timely federal habeas petition. In fact, petitioner does not refer to any circumstances, extraordinary or otherwise, that prevented him from filing a timely federal habeas petition.

Moreover, courts in the Third Circuit addressing habeas petitions have concluded that equitable tolling may be found when: (1) the state has actively misled the petitioner; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; or (3) the petitioner has timely asserted his rights but in a wrong forum. Urcinoli v. Cathel, 546 F.3d 269, 272 (3d Cir. 2008); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). The Third Circuit emphasized that equitable tolling should be applied sparingly. See Lacava v. Kyler, 398 F.3d 271, 275 (3d Cir. 2005); Brinson v. Vaughn, 398 F.3d 225, 230-31 (3d Cir.), cert. denied, 546 U.S. 957 (2005).

Petitioner has not alleged that the Commonwealth of Pennsylvania misled him regarding the required date to file his federal habeas corpus petition.[4] As noted above, petitioner has not alleged nor proven that he has "in some extraordinary way" been prevented from asserting his rights. This also is not a case where petitioner timely asserted his rights in the wrong forum. For all these reasons, the principles of equitable tolling do not toll the AEDPA statute of limitations with respect to the instant habeas petition.[5]

---

[4] Petitioner asserts that plea counsel's ineffectiveness "must be seen as an external factor, i.e., 'imputed to the State,' [and] the State must now bear the cost of the resulting default." (Br. Supp. Pet. at 9, 13.) No court has permitted equitable tolling of the AEDPA statute of limitations on this ground.

[5] If timeliness of the petition were to become an issue, petitioner requested an "opportunity to demonstrate why the instant petition is subject to equitable tolling." (Br. Supp.

7

Pet. at 16.) However, petitioner did not file a Traverse responding to the Commonwealth's response. See Docket, 10-CV-7174 (June 8, 2011). Nonetheless, in paragraph 18 of the petition, which is captioned "Timeliness of the Petition," petitioner offers the following explanation as to why the AEDPA statute of limitations does not bar the instant habeas petition:

> Ineffective assistance of counsel in violation of the Sixth Amendment constitutes cause for a procedural default where a constitutional violation has probably resulted in the conviction of one who is actually innocent, and if not heard on its merits, will result on a fundamental miscarriage of justice. Ineffective assistance of counsel in violation of the Sixth Amendment also constitutes cause for a procedural default where petitioner was "effectively-abandoned" for purposes of challenging the voluntary and intelligent character of petitioner's pleas.

Assuming this pro se petitioner is asserting actual innocence as a ground for equitable tolling, the Third Circuit Court of Appeals has "yet to hold that the AEDPA statute of limitations can be equitably tolled on the basis of actual innocence." Hornig v. Lavan, 197 Fed. Appx. 90, 93 (3d Cir. 2006) (not precedential). See also Teagle v. DiGuglielmo, 336 Fed. Appx. 209, 212 (3d Cir. 2009) (not precedential) (same), cert. denied, 130 S. Ct. 1072 (2010). However, "even assuming that this court were to permit equitable tolling of the AEDPA statute of limitations when a viable claim of actual innocence has been presented, [petitioner's] claim would nonetheless fail because he did not exercise reasonable diligence in pursuing his actual innocence claim." Hornig, 197 Fed. Appx. at 94. See also Rivera v. Supt. of SCI - Huntingdon, et al., 2010 WL 2690471, at *4 (E.D. Pa. Mar. 31, 2010) (same), R&R approved & adopted by Order, No. 09-CV-4361 (E.D. Pa. July 1, 2010) (Bartle, Ch. J.). Petitioner has failed to show that he exercised reasonable diligence in pursing a claim of actual innocence.

Further, if a claim of actual innocence were a basis for equitable tolling, petitioner must offer "'new reliable evidence' establishing that 'it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.'" Teagle, 336 Fed. Appx. at 213 (quoting Schlup v. Delo, 513 U.S. 298, 324, 327 (1995)). The Supreme Court has affirmed that this standard "is demanding and permits review only in the extraordinary case." House v. Bell, 547 U.S. 518, 538 (2006). See also Sweger v. Chesney, 294 F.3d 506, 523-24 (3d Cir. 2002) (describing the burden a petitioner must meet to establish actual innocence as "extremely high"), cert. denied, 538 U.S. 1002 (2003). Petitioner has failed to meet this extremely high standard. Rather than present "new reliable evidence," petitioner raises numerous issues such as the following: conspiracy to commit third-degree murder does not exist as a crime in Pennsylvania (Br. Supp. Pet. at 7), and no "theft" occurred because the decedent was not in "lawful-possession" of the property "attempt[ed] to be retrieved" (Br. Supp. Pet. at 12). As to the first issue, petitioner did not plead guilty to "conspiracy to commit third-degree murder," but to third-degree murder. (Plea Tr. at 25-26.) As to the second issue, and the other arguments raised by petitioner in the habeas petition, petitioner is attempting to have a trial of the facts supporting the charges to which he plead guilty. In the guilty plea hearing petitioner waived his right to do so.

## III. CONCLUSION

Accordingly, the court makes the following:

## RECOMMENDATION

AND NOW, this 8th day of June, 2011, the court respectfully recommends that the petition for a writ of habeas corpus be **DISMISSED** as time-barred by the statute of limitations, and that no certificate of appealability ("COA") be granted.[6]

The petitioner may file objections to the Report and Recommendation. See Loc. R. Civ. P. 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

THOMAS J. RUETER
Chief United States Magistrate Judge

---

See Plea Tr. at 3-7. For all these reasons, petitioner's habeas petition is not subject to equitable tolling.

[6] The COA should be denied because petitioner has not shown that reasonable jurists could debate whether his petition should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEREYK MORRIS | : | CIVIL ACTION |
| v. | : | |
| JOSEPH T. MAZURKIEWCZ, et al. | : | NO. 10-7174 |

### ORDER

AND NOW, this    day of          , 2011, upon careful and independent consideration of the pleadings and record herein, and after review of the Report and Recommendation of Thomas J. Rueter, Chief United States Magistrate Judge, it is hereby

**ORDERED**

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;

2. The petition for a writ of habeas corpus is **DISMISSED**; and

3. A certificate of appealability is not granted.

BY THE COURT:

_____
EDUARDO C. ROBRENO,  J.